UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIK KARAPETYAN,<br><br>      Petitioner,<br><br>      v.<br><br>J. ENGLEMAN,<br><br>      Respondent. | Case No. 2:22-cv-05291-SSS (MAR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

  This Report and Recommendation is submitted to the Honorable Sunshine Suzanne Sykes, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.**

**SUMMARY OF RECOMMENDATION**

  Petitioner, Radik Karapetyan ("Petitioner"), a federal prisoner incarcerated at the Federal Bureau of Prisons ("BOP"), Federal Correctional Institution ("FCI") Terminal Island in San Pedro, California, has filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241 ("section 2241") challenging the BOP's alleged failure to honor him with First Step

Act ("FSA") Earned Time Credits ("ETC"). ECF Docket No. ("Dkt.") 1 at 1–7.[1] Respondent filed a Motion to Dismiss ("Motion to Dismiss") contending Petitioner failed to exhaust the BOP's administrative remedy process. Dkt. 7 at 3–7. Petitioner filed an Opposition arguing that the Court should overlook exhaustion because additional factual development is unnecessary and exhaustion would be futile, and the Court should reach the merits of his Petition. Dkt. 10 at 2, 4–14.

For the reasons below, the undersigned recommends **DENYING** the Motion to Dismiss.

## II.
## PROCEDURAL HISTORY

### A. ADMINISTRATIVE PROCEEDINGS

Petitioner is currently incarcerated at FCI Terminal Island serving a 78-month sentence based on a 2018 conviction in the U.S. District Court for the Eastern District of Virginia. Dkts. 1 at 3, 9–14; 7 at 3, 7–1 at 1–2; 10 at 5. He is currently scheduled to be released in August 2023. Dkts. 1 at 4; 7 at 3; 7-1 at 2; 10 at 5.

On March 22, 2022, Petitioner submitted an "Inmate Request to Staff" form alleging that he was "evidently" being denied FSA credits due to a final order of removal, but no such removal order had been issued against him. Dkt. 10 at 30–31.

On May 2, 2022, Petitioner submitted a "Request for Administrative Remedy Informal Resolution" stating that he had previously submitted the March 22, 2022 form, over five weeks had passed and he is still being denied FSA credits, and requesting application of the FSA and credits he believes he earned. Dkt. 10 at 33–34.

On June 2, 2022, Petitioner submitted a "Request for Administrative Remedy." Dkt. 10 at 36. He stated that he had not received a response to his May 2, 2022 Request for Informal Resolution. Id. He stated that, according to his case manager, he is being denied application of FSA ETCs because he has an Immigration and Customs Enforcement ("ICE") detainer lodged against him. Id. Petitioner argued

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

that the controlling statute, 18 U.S.C § 3632(d)(4)(E)(i), makes FSA credits ineligible for prisoners subject to a final order of removal, but he is not subject to such an order and no other provision of the statute precludes him from earning FSA credits. Dkt. 10 at 36. Accordingly, he requested application of the FSA and to adjust his release date to accommodate credits earned. Id.

On June 23, 2022, Petitioner received a response to his June 2, 2022 Request for Administrative Remedy. Dkt. 10 at 38. The response explained that "Institution staff only have the responsibility in determining an inmate[']s eligibility status to earn [Federal Time Credits (FTC)]s . . . [and t]h Designation and Sentence Computation Center (DSCC) is the only authority to apply earned FTC's towards an inmate[']s sentence." Id. The response further explained that "[c]urrently DSCC is prioritizing inmates by release date and your Unit Team will notify you once any earned FTC's are applied to your current sentence." Id. The response indicated it was "for informational purposes only" and Petitioner could submit an appeal to the Regional Director if has not satisfied with the reply. Id.

On June 27, 2022, Petitioner submitted a Regional Administrative Remedy Appeal. Dkt. 10 at 40. He stated that the BOP and the Warden of FCI Terminal Island are refusing to apply FSA earned credits based on their misreading of 18 U.S.C. S 3632(d)(4)(E)(i). Dkt. 10 at 40. Petitioner repeated his argument that this section only precluded application of credits if a prisoner is subject to a final order of removal under immigration laws, yet, no order, let alone final order, has issued against him. Id. He contended that twenty-one-and-a-half (21.5) months of credits should be applied, and his release date adjusted accordingly. Id.

**B.  FEDERAL HABEAS PETITION**

On July 29, 2022, Petitioner filed the instant Petition. Dkt. 1. On September 7, 2022, Respondent filed the instant Motion to Dismiss arguing Petitioner had failed to exhaust administrative remedies. Dkt. 7. Petitioner filed an Opposition on October 7, 2022, alleging that exhaustion should be excused because the BOP never

1  responded to his last administrative appeal, and that attempting further exhaustion
2  would be futile because the BOP has made clear that Petitioner will not be permitted
3  FSA credits.  Dkt. 10 at 8–9.  Petitioner contends his belief that it is BOP policy to
4  deny a prisoner with a detainer the ability to apply for FSA ETCs was recently
5  validated in another Central District of California case, Jones v. Engleman, No. 22-cv-
6  5292-MCS (GJS).  Id.

7  On October 21, 2022, Respondent filed a Notice of Errata, indicating they had
8  neglected to attach two (2) exhibits to the Motion to Dismiss, and provided those
9  exhibits to the Court and Petitioner.  Dkt. 11.  Respondent also indicated they would
10 not oppose providing Petitioner additional time to respond to the Motion to Dismiss
11 in light of the newly attached exhibits.  Id.  Accordingly, on October 24, 2022, the
12 Court granted Petitioner additional time to file a Supplemental Opposition, and for
13 Respondent to file an optional Reply.  Dkt. 12.

14 On October 25, 2022, Petitioner filed a response to the Court's October 24,
15 2022 Minute Order, indicating he stands on his Opposition filed October 7, 2022.
16 Dkt. 13.  Respondent did not file a Reply to the Opposition.

## III.

## DISCUSSION

**A.   THE EXHAUSTION REQUREMENT SHOULD BE EXCUSED**

**1.   Applicable law**

Although there is no statutory exhaustion requirement for section 2241 actions, federal courts have imposed a prudential exhaustion requirement.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  "[T]he requirement of exhaustion of remedies [aids] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings."  Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per

curiam). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). The exhaustion requirement may be excused, or waived, where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citations and internal quotation marks omitted).

**2.  Analysis**

Here, the parties appear to agree that Petitioner has not completed the fourth and final step of BOP's established administrative remedy procedure by not appealing to the BOP's Office of General Counsel. Dkts. 7 at 4–5; 10 at 8, 11–12. However, Petitioner contends that, because his Petition presents a purely legal question challenging the BOP's stated policy, the Court "has all it needs to make [the] determination without the further development of a factual record," and that further attempts to exhaust would be futile and potentially cause him irreparable harm. Dkt. 10 at 11–14. The Court agrees.

First, Petitioner has made several attempts to ask the BOP to consider his claims, many of which have gone wholly or effectively unanswered. In his Opposition, Petitioner alleges he never received responses to his: (1) March, 22, 2022 Inmate Request to Staff (Dkt. 10 at 7); (2) May 2, 2022 Request for Informal Resolution (id. at 36); and, most importantly, and (3) June 27, 2022 Regional Administrative Remedy Appeal (id. at 40). Respondent did not file a Reply, thereby forfeiting an opportunity to squarely refute Petitioner's allegations. Furthermore, the Motion to Dismiss provides little clarity as to the result of Petitioner's various appeals. Respondent states that Petitioner has filed one formal administrative remedy to the Warden at FCI Terminal island, and one appeal to the Regional Director, "both of

5

1 which were denied." Dkt. 7 at 4 (citing Declaration of Yolanda Sanchez ["Sanchez
2 Decl."] at ¶ 6). Notably, however, the Sanchez Declaration does not state that the
3 latter appeal was denied, merely that "the most recent administrative remedy [was]
4 <u>received</u> by the Western Regional Office on July 11, 2022." Dkt. 7-1, Sanchez Decl.
5 at ¶ 6 (emphasis added). Nowhere in the declaration is there any indication of the
6 disposition of Petitioner's regional appeal. See Dkt. 7-1 at 1–3, Sanchez Decl. at ¶¶
7 1–6. Moreover, although Sanchez references a report she generated from the BOP's
8 electronic SENTRY database purportedly showing all administrative remedy filings
9 submitted by Petitioner (Dkt. 7-1 at 2–3, Sanchez Decl. at ¶ 6), and that report
10 indicates "DNY" for the administrative appeal received July 11, 2022, it does not
11 explain the reasoning for any denial. Dkt. 11-2 at 3. Making matters worse,
12 Respondent did not include any such denial, extension on its ruling, or any other
13 response to the appeal. Further, in both copies of the appeal provided by Petitioner,
14 the Regional Director's "Response" section is blank. Dkt. 1 at 16; Dkt. 10 at 40.
15 Accordingly, it is unclear whether Petitioner's most recent appeal was ever ruled on,
16 and if it was, what reasoning supported the decision. The BOP's documented failure
17 to timely or clearly respond to Petitioner's appeals supports Petitioner's contention
18 that attempting the last and final appeal would be futile.
19       Second, Petitioner argues the denial of his appeals were based on an official
20 policy of the BOP, and thus exhaustion would be futile. See Ward, 678 F.3d at 1045–
21 46 (finding exhaustion would be futile where the denial appeared to be based on an
22 official BOP policy, even where petitioner had only exhausted one of three steps in
23 the BOP administrative remedy system). The Court notes that it is not entirely clear
24 that the denials of Petitioner's appeals were based on an official BOP policy, because
25 the BOP either failed to respond to or adequately explain the denial of each of
26 Petitioner's appeals. However, the BOP should not be able to hide behind their own
27 unresponsiveness, particularly where they have failed to refute Petitioner's allegations
28 regarding the reason for the denials in a Reply. Indeed, Petitioner alleges that BOP

6

staff explicitly told him on two separate occasions—once in direct response to his first administrative appeal—that his credits were being denied pursuant to the BOP's systemwide policy that any inmate who had an ICE detainer was ineligible to apply ETCs towards early release. Dkt. 10 at 6–8. Furthermore, Petitioner points to documents submitted by Respondent in the Jones action, No. 22-cv-5292-MCS (GJS)[2], as well as a BOP memorandum sent to all federal prisoners, that confirm the existence of this policy. Id. at 8–9, 70–71; Jones, No. 22-cv-5292-MCS (GJS), Dkts. 5 at 1, -8, 14–20. Absent any evidence to the contrary, the Court finds it is reasonable to infer that Petitioner's appeals were denied to the BOP's official policy, further supporting the conclusion that future attempts to exhaust would be futile. See McCarthy v. Madigan, 503 U.S. 140, 145–46 (1992) (recognizing an administrative remedy may be inadequate where "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam) (waiving exhaustion as futile when the initial request for an administrative remedy was denied based on BOP policy and, therefore, the Regional Director "almost certainly would have denied" any further appeal due to that policy).

Finally, dismissing or staying the action so Petitioner could pursue administrative remedies here risks substantial, if not irreparable, harm to Petitioner. Petitioner's release date is currently in August 2023. Dkts. 1 at 4; 7 at 3; 7-1 at 2; 10 at 5. Accordingly, any unnecessary delay in resolving the instant dispute could result in Petitioner's approaching release rendering the controversy moot. See Sams v. Thomas, No. CIV. 11-333-AC, 2011 WL 2457407 (D. Or. May 12, 2011), report and recommendation adopted, No. CV-11-333-AC, 2011 WL 2360137 (D. Or. June 15,

---

[2] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of relevant federal records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

2011) (finding that requiring exhaustion of administrative remedies would be moot in light of petitioner's approaching release date). Furthermore, Petitioner contends that with FSA credits, he would be subject to immediate release. Dkts. 1 at 4–5, 7; 10 at 5–6, 12 . Petitioner's speculation that he would be released if he were credited appropriately may not rise to the level of irreparable harm. See Cohen v. United States, No. 20-cv-10833 (JGK), 2021 WL 1549917, at * 4 (S.D.N.Y. Apr. 20, 2021) (rejecting a federal inmate's argument that he would suffer irreparable harm if required to administratively exhaust his claim regarding the calculation of his FSA credits because "there is no basis to conclude [petitioner's] service of his sentence violates his constitutional rights."). However, given that further attempts to seek an administrative remedy would likely be futile, this unnecessary delay would risk needlessly prolonging Petitioner's confinement, should his claims prove to be meritorious.

Ultimately, given that Petitioner has sought administrative remedies at three out of the four levels prescribed by BOP procedure, Petitioner's denials appear based on an official BOP policy, and BOP has generally been unresponsive to Petitioner's attempts to exhaust his administrative remedies, the Court finds that this is not a case where excusing the exhaustion requirement would encourage the deliberate bypass of the administrative process. See Laing, 370 F.3d at 1000 (noting a "key consideration" in exercising discretion to excuse the exhaustion requirement is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" (citation omitted)). The exhaustion requirement should thereby be excused, and Respondent should be required to respond to the merits of the Petition.

## IV.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Court issue an Order:

(1) accepting this Report and Recommendation;

(2) **DENYING** the Motion to Dismiss; and

8

(3) **ORDERING** Respondent to file an Answer to the Petition.[3]

Dated: November 2, 2022

_____
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

---

[3] The Court will issue further instructions to the parties if and when this Report and Recommendation is accepted by the District Judge.